IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kenneth John Butler, ) | |
| ) | |
| Petitioner, ) | |
| ) | OPINION AND ORDER |
| vs. ) | |
| ) | Civil Action No.: 8:11-3328-MGL |
| State of South Carolina; William R. Byars; ) | |
| Warden of McCormick Correctional ) | |
| Institution[1], ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner Kenneth John Butler ("Petitioner"), a state prisoner confined at McCormick Correctional Institution in McCormick South Carolina filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 3). Respondent filed a Return and a Motion for Summary Judgment. (ECF Nos.11 & 12.) On April 5, 2012, Petitioner, with assistance of counsel, filed a Motion to Test Forensic Evidence. (ECF No. 25.) The case was referred to United States Magistrate Jacquelyn G. Austin for pretrial handling pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02 (B)(2)(c) for the District of South Carolina.

This matter now comes before the Court for review of the Report and Recommendation ("Report"). On June 15, 2012, the Magistrate Judge issued the Report. (ECF No. 49.) The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates such without a recitation. In the Report, the Magistrate Judge recommends Respondent's Motion for

---

[1] Because a prisoner's custodian is the proper respondent in a habeas corpus action, *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004), Respondents State of South Carolina and William R. Byars were terminated as parties and Respondent Warden of McCormick Correctional Institution was added as a party on December 13, 2011, as directed by the Court's Order authorizing service of process. [Doc. 7.] Accordingly, throughout this Report and Recommendation the Court refers to Respondent Warden of McCormick Correctional Institution as "Respondent."

Summary Judgment be granted and that the Petition be dismissed with prejudice as not timely filed and not subject to equitable tolling.

## STANDARD OF REVIEW

The court is charged with making a de novo determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005)

## PROCEDURAL BACKGROUND

On June 10, 1009, Petitioner pled guilty, pursuant to a plea agreement, to conspiracy to commit armed robbery, armed robbery, conspiracy to commit murder, murder, and possession of a firearm or knife during commission of a violent crime. Petitioner was represented by J. Michael Turner ("Turner") at his plea hearing. Pursuant to the terms of the plea agreement, sentencing was deferred pending Petitioner's cooperation. On July 6, 1998, Petitioner wrote a letter to the Laurens County Clerk of Court seeking permission to withdraw his plea of guilty. Petitioner released Turner as his attorney on July 10, 1998.

A hearing was held on Petitioner's motion to withdraw his guilty plea on September 15, 1999. Petitioner was represented by Dale Cabler ("Cabler") at the hearing. Following arguments from Petitioner and the State, Petitioner's motion to withdraw his guilty plea was denied. Petitioner was sentenced to a term of life imprisonment for murder, 30 years for armed robbery, and five years each for conspiracy to commit murder, conspiracy to commit armed robbery, and the possession of

a firearm or knife in the commission of a crime to run concurrently. Petitioner appealed his conviction. On December 17, 2002, the South Carolina Court of Appeals affirmed Petitioner's conviction. Petitioner filed an application for post-conviction relief ("PCR") on September 23, 2003 alleging ineffective assistance of counsel, lack of subject matter jurisdiction, and a violation of due process. Petitioner filed a Motion for Forensic Testing on June 22, 2007. Then on July 16, 2007, Petitioner filed a motion to amend his PCR application to allege another ineffective assistance of counsel claim, a Brady violation, and a Fifth Amendment violation as additional grounds for relief. A hearing was held on July 17, 2007 on Petitioner's Motion for Forensic Testing and his PCR application. On October 10, 2007, the PCR court dismissed Petitioner's PCR application and denied his request for forensic testing. Petitioner filed a petition for a writ of certiorari. On January 19, 2011, the South Carolina Court of Appeals denied the petition for a writ of certiorari and on February 4, 2011 remittitur was issued.

On December 8, 2011, Petitioner filed the instant petition pursuant to § 2254 alleging the following four grounds for relief:

1. Brady violation
    A. The State failed to provide defense counsel with an exonerating polygraph
       by the defendant.

2. Ineffective Assistance of Counsel.
    A. Defense counsel failed to adequately review the State's evidence.
    B. Defense counsel relied exclusively on the prosecution's version of the
       facts when these facts were contradicted by the State's evidence.

3. Ineffective Assistance of Counsel.
    A. Defense counsel failed to have exonerating DNA evidence screened to
       identify perpetrator.

4. Due Process; Inadequate Review of Post-Conviction Relief.
    A. S.C. created a new method by which appeals from post-conviction relief

> are reviewed.
>
> B. This procedure is inadequate to provide meaningful review and thus, violates the Due Process Clause of the 6th Amendment as applied by the 4th Amendment.

1

(ECF Nos. 11-12.)

On May 17, 2012, the Magistrate Judge raised sua sponte, in an Order to Show Cause, the timeliness of Petitioner's habeas petition. (ECF No. 39.) Petitioner responded to the Order to Show Cause on June 7, 2012 and asserted "actual innocence as both a freestanding claim, as well as a gateway to excuse his failure to file prior to the expiration of the statute of limitations." In Petitioner's response he also indicated that he incorporated his previous filings and renewed his Motion to Test Forensic Evidence. (ECF No. 45.)   Respondent filed a Reply to Response to the Order to Show Cause on June 12, 2012 .  Respondent asserted that his failure to raise the statute of limitations defense in his motion for Summary Judgment did not waive his statute of limitations defense.  Respondent agreed with the Magistrate Judge that Petitioner's Petition was time-barred, and argued that Petitioner failed to demonstrate that he was entitled to equitable tolling.  (ECF No. 47.)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Magistrate Judge recommends granting the Respondent's Motion for Summary Judgment because Petitioner's claim is barred by the one-year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d) which provides: (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation shall run from the latest of- (A) the date on which the judgment became final by the conclusion of direct review or the expiration

of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Upon review of the record, the Magistrate Judge correctly concluded that the limitations period for Petitioner to file an action under § 2254 expired on May 21, 2011 and recommended dismissal of the Petition. Petitioner objects to the Magistrate Judge's Recommendation.

## DISCUSSION

The United States Supreme Court has acknowledged that district courts are "permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir.2006) (carving out habeas corpus petitions and in forma pauperis complaints as narrow circumstances to permit sua sponte consideration of statute of limitations when defense is clear on face of petition or complaint). The *Day* Court further instructs

that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. Likewise, the Fourth Circuit Court of Appeals has mandated caution in sua sponte dismissals of untimely petitions under the AEDPA. *See McMillan v. Jarvis*, 332 F.3d 244, 249 (4th Cir.2003).

Here, Petitioner was afforded the full opportunity to explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) did not bar his petition. (ECF No.45.) Petitioner responded to the Court's Order to Show Cause and asserted actual innocence as a free standing claim to afford him habeas relief and to overcome the time bar. Petitioner indicated that he incorporated his previous filings and renewed his Motion to Test Forensic Evidence. Petitioner further indicated that he "could not go forward without this evidence . . . ." The Court previously denied Petitioner's Motion to Test Forensic Evidence due to Petitioner's failure to demonstrate good cause for the testing. (ECF No. 48.) The Court is not persuaded that the Court's prior ruling on this motion should be altered. Petitioner appears to concede that, but for his claim of actual innocence, his Petition is time-barred. (ECF No. 45 at 1-3.)

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir.2000). The doctrine of equitable tolling applies only in "those rare instances where-due to circumstances external to the [petitioner's] own conduct-it would be unconscionable to enforce the limitation against the [petitioner]." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir.2000). In order to invoke the doctrine of equitable tolling, a petitioner must be able to show the existence of some "extraordinary circumstance beyond his control that prevented him from complying with the statutory time limit. *Id.* In this matter, clearly,

Petitioner's explanations do not present the sort of "extraordinary circumstance" required to invoke equitable tolling. Accordingly, the Magistrate Judge was correct in finding that Petitioner's claim for relief under § 2254 was untimely.

## PETITIONER'S OBJECTIONS

Petitioner objects to the Magistrate Judge's finding that Petitioner would not have a cognizable claim for relief even if he could make a showing of actual innocence. (ECF No. 49 at 20-21.) Claims of actual innocence are often used to attempt to satisfy the "miscarriage of justice" exception to a procedural default. *See Schlup v. Delo*, 513 U.S. 298, 315, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) Even if the Court were to assume that an "actual innocence" exception exists in this context, Petitioner has failed to meet its extremely high threshold standard. A petitioner claiming actual innocence "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.' " *House v. Bell*, 547 U.S. 518, 536–37, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006) (*quoting Schlup*, 513 U.S. at 327). This "standard is demanding and permits review only in the 'extraordinary' case." *Id.* (*quoting Schlup*, 513 U.S. at 327 (internal quotations and citations omitted)). Also, Petitioner would have to show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). In this matter, Petitioner's arguments do not come close to meeting this standard.

The Magistrate Judge noted that the Fourth Circuit has not expressly ruled that 'actual innocence' is an exception that permits equitable tolling. *See DiCaprio–Cuozzo v. Johnson*, 744 F. Supp. 2d 548, 559 (E.D. Va. 2010). However, other circuits have concluded that there is no such exception. *See Lee v. Lampert*, 610 F.3d 1125, 1128–31 (9th Cir.2010) (concluding there was no

7

actual innocence exception to the AEDPA's statute of limitations); *Escamilla v. Jungwirth*, 426 F.3d 868, 871 (7th Cir.2005) (holding that actual innocence "is unrelated to the statutory timeliness rules ... [and] does not extend the time to seek collateral relief"); *David v. Hall*, 318 F.3d 343, 347 (1st Cir.2003) (holding that "defendants who may be innocent are constrained by the same explicit statutory or rule-based deadlines as those against whom the evidence is overwhelming"); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir.2002) (stating that claims of actual innocence do not "justify equitable tolling of the limitations period"); *Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir.2002) (noting that there is no actual innocence exception separate from the usual equitable tolling factors). The Court, finding no Fourth Circuit authority to support Petitioner's position, declines find an actual innocence exception in this matter. Petitioner's objection is overruled.

The Court accepts the Magistrate Judge's Report and incorporates it herein by reference. Respondent's motion for summary judgment is GRANTED. Petitioner's Petition for habeas corpus relief is DENIED.

**Certificate of Appealability**

The governing law provides that:

(c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

 28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*,

537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is DENIED.

    IT IS SO ORDERED.

s/ Mary G. Lewis<br>United States District Judge

Spartanburg, South Carolina
December 7, 2012